| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS - 6 |

### CIVIL MINUTES -- GENERAL

Case No.   **CV 08-3270-JFW (Ex)**                                                        Date:  June 10, 2008

Title:     John Bogut, et al. *-v-* Check In To Cash, Inc., et al.

---

**PRESENT:**  HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
                 None                                                                                   None

**PROCEEDINGS (IN CHAMBERS):**       ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

On April 10, 2008, Plaintiff John Bogut ("Plaintiff") filed a Complaint in Los Angeles County Superior Court against Defendant Check In To Cash, Inc. ("Defendant"), alleging that Defendant failed to pay Plaintiff uninterrupted meal and rest periods in violation of California labor laws and regulations and the California Business & Professions Code.  Plaintiff served Defendant with the Complaint on April 18, 2008.  On May 16, 2008, Defendant filed a Notice of Removal.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

In its Notice of Removal, Defendant claims that this Court has subject matter jurisdiction over this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  *See* Notice of Removal at ¶ 5.  Federal jurisdiction founded on Section 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  When a plaintiff files a case in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the

burden of establishing that removal is proper.  Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement."  *Gaus*, 980 F.2d at 566 (internal citations omitted).  However, "[w]here the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]."  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.  If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Id.* at 377 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995)); *see also Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, Allstate should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation omitted).  "Conclusory allegations as to the amount in controversy are insufficient."  *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

      Defendant claims that jurisdiction is proper under 28 U.S.C. § 1332(a) because "the amount in controversy in the Action, exclusive of interest and costs, exceeds in value the sum of $75,000.00."  Notice of Removal at ¶ 8.  In support of its contention that the amount in controversy exceeds $75,000, exclusive of interest and costs, Defendant merely reiterates the allegations of Plaintiff's Complaint in which Plaintiff claims that he is entitled to compensatory damages for Defendant's failure to provide some unspecified number of meal and rest periods, and "waiting time penalties" amounting to up to 30 days pay pursuant to California Labor Code § 203.  *Id.* at ¶ 11.  Defendant also recites the fact that Plaintiff is seeking an unspecified amount of punitive damages and attorneys' fees.  *Id.* at ¶¶ 12-13.

      Although the jurisdictional amount may be satisfied by claims for general, special, compensatory, and punitive damages and attorneys' fees, a defendant must provide facts and evidence in the notice of removal establishing that it is more likely than not that the amount in controversy exceeds $75,000.  *See Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).  Defendant's conclusory allegations, based on nothing more than its recitation of the bare allegations of Plaintiff's Complaint, are wholly insufficient to meet its burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the required] amount."); *Gaus*, 980 F.2d at 567 (holding that a mere conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant's] burden of setting forth, in the removal petition itself, the *underlying facts* supporting [its] assertion that the amount in controversy exceeds" $75,000).

      Accordingly, this action is hereby **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

      The Clerk shall serve a copy of this Minute Order on all parties to this action.